UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YONGQUAN LIU,<br><br>      Plaintiff,<br><br>   v.<br><br>AMERICAN EXPRESS COMPANY and DOES 1 to 10,<br><br>      Defendants. | No. C-06-05793 SC<br><br>ORDER REMANDING<br><u>ACTION TO STATE COURT</u> |

**I. INTRODUCTION**

Plaintiff Yongquan Liu ("Plaintiff") brought this action against Defendant, the American Express Company ("Defendant"). For the reasons stated herein, the Court REMANDS the action to the Alameda County Superior Court.

**II. BACKGROUND**

On August 16, 2006, Plaintiff filed a Complaint alleging three causes of action for Defendant's failure to rescind a charge on Plaintiff's credit card. <u>See</u> Compl., Docket No. 1. Plaintiff claims to have suffered damages as a result of Defendant's inaction, which led to a decline in Plaintiff's credit score. <u>Id</u>. at ¶¶ 10-11. Defendant removed the case to federal court under 28 U.S.C. § 1441(b) based on the presence of a federal question. Soon thereafter Defendant filed a Motion to Dismiss and Strike

Portions of the Complaint. Docket No. 1, 4. Plaintiff opposed the Motion and Defendant filed a reply. Docket No. 8, 11.

In its Motion to Dismiss, Defendant asserted that Plaintiff had failed to state a claim under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (the "FCRA"). See Mot. to Dismiss. In its Opposition, Plaintiff explained that it intended its first cause of action to allege a violation of a California statute, codified in California Civil Code sections 1747.50 and 1747.70, which "recognizes a common law tort of defamation of credit." Pl.'s Opp'n. Plaintiff states that Defendant misconstrued the Complaint and thus had no legitimate grounds for removal. Id.

**III. LEGAL STANDARD**

"If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Thus, a district court has "a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not." United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 967 (9th Cir. 2004). In other words, the Court may remand a removed case sua sponte if it determines that it lacks subject matter jurisdiction. See Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192-93 (9th Cir. 2003) (noting a distinction between procedural and jurisdictional defects and that a "district court must remand if it lacks jurisdiction").

//
//

2

**IV. DISCUSSION**

Plaintiff has recently explained that its first cause of action invokes the California Civil Code, not the Federal FCRA. Pl.'s Oppn.  As a result of this clarification, the Court recognizes that all three causes of action relate to state law claims.  In the Ninth Circuit, "[s]ubject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction." Kelton Arms, 346 F.3d 1190, 1192.  Since Plaintiff has only asserted state law claims, there are no grounds for federal question jurisdiction and the case must be remanded.

**V. CONCLUSION**

For the foregoing reasons, the case is REMANDED to Alameda County Superior Court.  All pending motions are VACATED.

IT IS SO ORDERED.

Dated: November 22, 2006

UNITED STATES DISTRICT JUDGE

3